

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP -5 2014
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UJJWAL K. ROUT                                                               PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:14cv697WHB-JCG

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER               DEFENDANT

---

## COMPLAINT
## JURY TRIAL DEMANDED

---

**COMES NOW** the Plaintiff, Ujjwal K. Rout, by any through his counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under Title VII of the Civil Rights Act of 1964, as amended, against the Defendant, University of Mississippi Medical Center (UMMC). In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### PARTIES

1.   The Plaintiff, Ujjwal K. Rout, is an adult resident of Madison County, Mississippi, residing at 108 Whisper Lake Boulevard, Madison, Mississippi 39110.

2.   Defendant, University of Mississippi Medical Center (UMMC), UMMC is a state agency qualified to do business in the State of Mississippi with a principal place of business at 2500 North State Street, Jackson, Mississippi 39216. Defendant may be served with process by serving Jim Hood, Attorney General, 550 High Street, Suite 1200, Jackson, MS 39201.

### JURISDICTION AND VENUE

3.   This action arises under Title VII of the Civil Rights Act of 1964, as amended.

4.   This Court has civil rights and federal question jurisdiction and venue is proper in this court.

5.  Plaintiff timely filed a complaint with the EEOC, a true and correct copy of the EEOC charge is attached hereto as Exhibit "A." Plaintiff brings this action within 90 days of his receipt of the Notice of Right to Sue issued by the U.S. Department of Justice, a true and correct copy of the DOJ's Dismissal and Notice of Right to Sue is attached hereto as Exhibit "B."

## STATEMENT OF THE FACTS

6.  Early 2004, Plaintiff applied for a Job that was advertised by the Division of Pediatric Surgery, Department of Surgery, University of Mississippi Medical Center (UMMC), Jackson, MS. Dr. John Gosche, then Chief of the Pediatric surgery responded and invited Plaintiff for the interview. Plaintiff made several trips to Jackson from Detroit for interviews by faculty members of different Departments of UMMC.

7.  Dr. William Turner, Department Chair, asked Plaintiff what Plaintiff needed to join as the Director of Pediatric Surgery Research. Plaintiff and Dr. Turner discussed the salary, the requirements of laboratory setups, technical support personnel, and Plaintiff's position as Associate Professor of the Department of Surgery. Dr. Turner suggested to Plaintiff that he send to Dr. Turner by email all the requirements of laboratory set up. Dr. Turner and Plaintiff agreed on Plaintiff's salary, but regarding Plaintiff's position, Dr. Turner mentioned that it would be easier for Plaintiff if Plaintiff joined as Assistant Professor, because it might take months to provide Plaintiff with the Associate Professor position. Dr. Turner told Plaintiff that he would like Plaintiff to join soon and set up the laboratory. Dr. Turner promised Plaintiff to provide $100,000 for early laboratory set up and promised Plaintiff that he would be promoted to Associate Professor as soon as the laboratory was set up. He also assured Plaintiff that his prior requests for promoting any faculty has never been denied. After Plaintiff returned to Michigan, Plaintiff sent an email to Dr. Turner within a week with an attachment providing him with a list of equipment and details about setting up the laboratories.

Dr. Turner responded with a letter that detailed Plaintiff's position as assistant professor, salary, and technical support.

8. Plaintiff joined UMMC on April 19, 2004. Plaintiff was situated in an office on the 2nd floor of the J. D. Hardy building in the suite of the Division of Pediatric Surgery. The room in the basement that Plaintiff was to set up his laboratory was full of old furniture and obsolete equipment. Plaintiff spent every day including weekends moving furniture out of the room to set up the laboratories with hopes that Plaintiff would be promoted to Associate Professor once it was ready. By the end of 2004, the laboratories were ready and Plaintiff started working on some basic techniques. During Plaintiff's progress evaluation meeting in 2005, Plaintiff mentioned to Dr. Turner that laboratories were set up, and Plaintiff reminded him about the promotion as promised during the time of hiring. Dr. Turner said that he would submit a request for the promotion. However, Plaintiff was never promoted by Dr. Turner, or the new Chair, Dr. Marc E. Mitchell, after Dr. Turner left the Department. Dr. Turner promised to dedicate $50,000 per year for the laboratory every year for research. This also never happened.

9. Plaintiff hired a technician with the collaboration of another member of Department of Psychiatry. Plaintiff and this Department shared the salary for this technician. When the other faculty member became dissatisfied with the technician's work, the Psychiatry Department denied providing their part of the salary for the technician; therefore, the technician quit. Plaintiff wound up working by himself with the occasional help of some students. Despite several requests to the Department Chairs, Dr. Turner and Dr. Marc Mitchell, for a technician, Plaintiff was never assigned a technician to assist him with his research work. Dr. Turner promised Plaintiff a technician to assist him during the hiring process and was essential for Plaintiff to successfully complete publications and securing extramural grants. Despite the broken promises, Plaintiff continued working diligently

and publishing papers, but was neither promoted nor tenured even after 5 years of dedicated service to UMMC. In fact, Plaintiff was not even given the promotion and tenure package from the years 2004 to 2012.

10. On May 7, 2013, Plaintiff received an email from Dr. Mitchell. This email was sent to all faculty of the Department of Surgery with an attachment enclosing an application package for promotion. Plaintiff saved all the documents from the attachment of this email into a folder. The next morning, Plaintiff checked his emails to find that particular email and it was missing in the inbox, trash and spam on his computer. In these documents, particularly the tenure time table, it clearly states that a faculty accomplishment should be reviewed by year 5 and definitely by year 6 of hire. Plaintiff never got a package from the Department of Surgery for this option at 5 years, or at 6 years of service despite Plaintiff reiterating this fact to Dr. Turner, and later Dr. Mitchell.

11. During one of Plaintiff's progress evaluation meetings with Dr. Mitchell, Plaintiff found that several comments made on Plaintiff's progress were not correct and were undermining his accomplishments. After Dr. Mitchell narrated the alleged shortcomings in Plaintiff's progress, Plaintiff mentioned to him that many of the comments were inaccurate. Plaintiff asked Dr. Mitchell that if he would permit, Plaintiff would provide the supporting documents. Dr. Mitchell agreed to review the documents and asked Plaintiff to send them by email. Within the week, Plaintiff sent an email to Dr. Mitchell with the documents attached as evidence that several critics later mentioned in Plaintiff's progress evaluation by the reviewers which were inaccurate and undermined Plaintiff's performance. Plaintiff never received a reply email from Dr. Mitchell.

12. During 2009, Dr. Kenneth Liechty, MD was hired as an Associate Professor of Department of Surgery. During Plaintiff's first meeting with Dr. Liechty, he mentioned to Plaintiff that the Department hired him to help get the Extramural Grants. A month later, Plaintiff sent an

email to Dr. Liechty with his grant proposals attached for his comments. Plaintiff never got a response from Dr. Liechty. Later, Plaintiff sent an email to Dr. Liechty with the attachments of the summary statements from the National Institutes of Health (NM), MD, for his comments and suggestions. In these documents, reviewers of NIH pointed out that the support of the Department of Surgery to Plaintiff was severely lacking. Dr. Liechty did not respond to Plaintiff's email.

13. The next time Plaintiff met with Dr. Liechty, it concerned Plaintiff's progress evaluation. Dr. Liechty told Plaintiff that Dr. Mitchell wanted him to tell Plaintiff that he did not have a job after this year. Dr. Liechty told Plaintiff that he told Dr. Mitchell that Plaintiff is the only faculty member in the Department who is providing him grants to read and publications to review his progress. However, Dr. Mitchell insisted that Dr. Liechty tell Plaintiff that he does not have a job after this year.

14. On June 20, 2012, during a meeting with Dr. Mitchell, Shane Atkinson and Mrs. Brashfield from the human resource department, UMMC presented Plaintiff a document stating the non-renewal of Plaintiff's contract after June 30, 2013. At that time, Plaintiff mentioned to Mrs. Brashfield some of the facts that had hindered his progress. However, Plaintiff was asked to sign the document. Plaintiff told Ms. Brashfield that he would sign the document and return it the next day. Mrs. Brashfield wrote on the document that Plaintiff refused to sign it. Plaintiff took the document, signed it, and gave it to Shane Atkinson the next day morning.

15. The promises made by Department Chair, Dr. William Turner, MD, at the time of hiring which induced Plaintiff to move from Detroit, Michigan to Jackson, Mississippi, were never honored or fulfilled to Plaintiff. The next Department Chair, Dr. Marc Mitchel, MD, did not care about the promises made to Plaintiff despite Plaintiff's repeated requests. All of these requests made by Plaintiff, hampered Plaintiff's progress. However, Plaintiff continued to perform his work, teach,

publish papers and give speeches. The Department of Surgery did not support Plaintiff so that Plaintiff could be a successful faculty member, instead they used this lack of support as a measure to not renew Plaintiff's contract.

16. As such, Defendant has unlawfully discriminated against Plaintiff because of his national origin, through wrongful termination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

## CAUSES OF ACTION

### COUNT ONE: VIOLATIONS OF TITLE VII - NATIONAL ORIGIN DISCRIMINATION

17. Plaintiff re-alleges and incorporates herein by reference the above and foregoing paragraphs 1 through 16.

18. Plaintiff has been discriminated against in the terms and conditions of his employment on the basis of his national origin. Specifically, two non-Indian co-workers, Dr. Olga McDaniel and Dr. Drew Hildebrant, were promoted by UMMC without any extramural grant; whereas, UMMC failed to even provide Plaintiff with the promotion application package.

19. Plaintiff has been harmed as a result of this unlawful discrimination, and the Defendant is liable to Plaintiff for the same.

20. The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Reinstatement to a tenured faculty position of Professor or future wages in lieu of reinstatement;
2. Back pay;
3. Compensatory damages;
4. Punitive damages;
5. Attorney's fees;
6. Costs and expenses; and
7. Any other relief to which he may be properly entitled.

THIS the 5th day of September, 2014.

Respectfully submitted,

UJJWAL K. ROUT, PLAINTIFF

By: /s/ Louis H. Watson, Jr.
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile:  (601) 968-0010
Email: louis@watsonnorris.com